# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION
### CIVIL ACTION NO. 3:19-CV-00360-KDB

| | |
|---|---|
| **RONALD WHEELER HARTWICK,**<br><br>         **Plaintiff,**<br><br>   **v.**<br><br>**ANDREW M. SAUL, Commissioner of Social Security,**<br><br>         **Defendant.** | **ORDER** |

**THIS MATTER** is before the Court on Plaintiff Ronald Wheeler Hartwick's Motion for Summary Judgment (Doc. No. 11) and Defendant's Motion for Summary Judgment (Doc. No. 13), as well as the parties' briefs and exhibits. Plaintiff, through counsel, seeks judicial review of an unfavorable administrative decision on his application for a period of disability and disability insurance benefits.

Having carefully reviewed and considered the written arguments, administrative record, and applicable authority, and for the reasons set forth below, the Court finds that the ALJ's failure to address a letter from one of Mr. Hartwick's treating physicians is reversible error. Accordingly, the Court will **GRANT** Plaintiff's Motion for Summary Judgment; **DENY** Defendant's Motion for Summary Judgment; and **REVERSE** and **REMAND** the case to the Commissioner for further proceedings.

1

# I. BACKGROUND

Mr. Hartwick filed a Title II application for a period of disability and disability insurance benefits on January 29, 2015, alleging disability beginning on January 3, 2014. (Tr. 16, 199).[1] His application was denied at the initial and reconsideration levels on July 30, 2015 and December 14, 2015, respectively. (Tr. 106-09; 111-13). Thereafter, Mr. Hartwick filed a written request for a hearing. (Tr. 115-16). After conducting a hearing via video teleconference on July 10, 2018, Administrative Law Judge John M. Dowling ("ALJ") denied his application in a written decision dated August 15, 2018. (Tr. 16-25). Mr. Hartwick then filed for a review of the ALJ's decision with the Appeals Council ("AC"). The AC denied review on May 20, 2019. (Tr. 1-4). The ALJ's decision now stands as the final decision of the Commissioner, and Mr. Hartwick has requested judicial review in this Court pursuant to 42 U.S.C. § 405(g).

# II. THE COMMISSIONER'S DECISION

The ALJ used the required five-step sequential evaluation process established by the Social Security Administration to determine if Mr. Hartwick was disabled during the relevant period.[2] For the purposes of Title II of the Act, "disability" means "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period

---

[1] Citations to the administrative record filed by the Commissioner are designated as "Tr."

[2] The ALJ must determine the following under the five-step sequential evaluation: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g). The claimant has the burden of production and proof in the first four steps, but the Commissioner must prove the claimant is able to perform other work in the national economy despite the claimant's limitations. *Pearson v. Colvin*, 810 F.3d 204, 207 (4th Cir. 2015).

of not less than 12 months." 20 C.F.R. § 404.1505(a). At step one, the ALJ found that Mr. Hartwick had not engaged in substantial gainful activity during the period from his alleged onset date of January 3, 2014 through his date last insured of June 30, 2017. (Tr. 18, Finding 2). At step two, the ALJ found that Mr. Hartwick had the following severe impairments: "coronary artery disease status-post stenting and chronic fatigue syndrome ["CFS"]." (Tr. 18, Finding 3). The ALJ considered Mr. Hartwick's impairments under the listings in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526) at step three and found that they did not meet or medically equal any listing. (Tr. 20, Finding 4).

At step four, the ALJ found that Mr. Hartwick had the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 404.1567(b) except "he could occasionally climb ladders, ropes, or scaffolds and occasionally crawl. He must have avoided [sic] concentrated exposure to unprotected heights." (Tr. 21, Finding 5). Even with these limitations, the ALJ found that Mr. Hartwick was able to perform his past relevant work as a customer service manager, software sales manager, and automation specialist. (Tr. 24, Finding 6).[3] Accordingly, the ALJ found that Mr. Hartwick was not disabled. (Tr. 30, Finding 12).

### III. LEGAL STANDARD

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, *Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); *see also Hunter v. Sullivan*, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). The District

---

[3] The Vocational Expert ("VE") testified that Mr. Hartwick's past work as a customer service manager, software sales manager, and automation specialist would be available with the limitations in his RFC.

Court does not review a final decision of the Commissioner *de novo*. *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986); *King v. Califano*, 599 F.2d 597, 599 (4th Cir. 1979); *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).

The Social Security Act provides that "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In *Smith v. Heckler*, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)), the Fourth Circuit defined "substantial evidence" thus:

> Substantial evidence has been defined as being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

*See also Seacrist v. Weinberger*, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence.").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. *Hays*, 907 F.2d at 1456; *see also Smith*, 795 F.2d at 345; *Blalock*, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome—so long as there is "substantial evidence" in the record to support the final decision below. *Lester v. Schweiker*, 683 F.2d 838, 841 (4th Cir. 1982).

## IV. DISCUSSION

Mr. Hartwick argues that the ALJ erred by failing to properly weigh all of the opinion evidence in the record. Mr. Hartwick points to two specific opinions that he claims the ALJ failed to properly consider. First, he asserts that the ALJ did not address the medical opinion of Mr. Hartwick's primary care physician, Dr. Bridges. Second, Mr. Hartwick contends that the ALJ failed to accord

4

controlling weight to Dr. Black's opinion when Dr. Black's CFS findings were well-supported and consistent with the other evidence of record. Because the Court holds that the ALJ committed reversible error by failing to address Dr. Bridges's opinion, the Court does not reach the second issue.

"Medical opinions are statements from acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical and mental restrictions." 20 C.F.R. § 404.1527(a)(1). [4] As set forth in the Commissioner's Regulations at 20 C.F.R. §§ 404.1527(b) and 416.927(b), the Commissioner must consider all medical opinions in the case record when making its disability determination. 20 C.F.R. § 404.1527(b) ("In determining whether you are disabled, we will always consider the medical opinions in your case record together with the rest of the relevant evidence we receive."); *see also Hamlin v. Barnhart*, 365 F.3d 1208, 1214 (10th Cir. 2004) ("An ALJ must evaluate every medical opinion in the record although the weight given each opinion will vary according to the relationship between the disability claimant and the medical professional." (internal citation omitted)).

Generally, the Commissioner gives more weight to medical opinions from a claimant's treating sources, "since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief

---

[4] The Social Security Administration has adopted new regulations regarding the evaluation of medical evidence, including treating doctor opinions. *See* 82 Fed. Reg. 5844. The new regulations apply to claims filed after March 27, 2017. Thus, Mr. Moore's claims should be decided under the prior treating doctor regulations.

5

hospitalizations." 20 C.F.R. § 404.1527(c)(2). Whether the ALJ gives the opinion of a treating physician great or little weight, the ALJ must give good reasons for doing so. *Id.* These reasons may include internal inconsistency or that the other physicians' opinions have better evidentiary support. *See id.* This requires the ALJ to explain in his written decision, with some specificity, why he has rejected the treating physician's opinion. Failure to do so is reversible error. *See, e.g.*, *Lewis v. Berryhill*, 858 F.3d 858 (4th Cir. 2017); *Mastro v. Apfel*, 270 F.3d 171 (4th Cir. 2001). Statements by medical sources that a patient is disabled or unable to work are not medical opinions, but are administrative findings reserved for the Commissioner. 20 C.F.R. § 404.1527(d).

Mr. Hartwick argues that the ALJ erred by not considering the following opinion by Dr. Bridges, one of his treating physicians at Novant Health:

> Mr. Hartwick has a history of non-union of his left tibia and fibula sustained in a MVA on April 23, 2000 with subsequent surgical intervention in July 2003 severely limiting his ability to seek gainful employment. He experienced severe bouts of anxiety with depression which he received mental health services, and is currently on chronic psychotropic therapy. In addition, he has a history of ischemic heart disease in August 2013, status post percutaneous coronary angiography x two.
> . . . .
> He has developed male hypogonadism that has impacted several areas of his life from mental clarity, physical strength, mood changes, agitation, libido, and his ability to achieve, or sustain an erection.
> He continues to experience myalgias and arthralgias that have severely impacted his ability to obtain gainful employment.

(Tr. 635); (Doc. No. 11-1, at 7).

The ALJ does not mention Dr. Bridges's opinion anywhere in his decision.[5] Perhaps acknowledging the ALJ's error in failing to address Dr. Bridges's opinion, the Commissioner argues that there is no *harmful* error in the ALJ not discussing Dr. Bridges's opinion because it is

---

[5] The Administrative Record contains over 300 pages of medical records from Novant Health, reflecting numerous visits with Dr. Bridges. Yet, Dr. Bridges is not once mentioned in the ALJ's decision.

6

not a medical opinion as it lacks specificity and, even if it was a medical opinion, Mr. Hartwick has not met his burden of showing that the supposed error is harmful.

The ALJ need not have given much (if any) weight to Dr. Bridges's opinion, as long as he provides reasons for doing so. Here, however, the ALJ failed to provide any reason. Because the ALJ failed to acknowledge Dr. Bridges's opinion at all in his written decision, the Court cannot say he provided good reasons for his treatment of that opinion as he was required to do under the applicable regulations. *See Walker v. Commissioner*, 911 F.3d 550 (8th Cir. 2018) (holding that because the ALJ failed to acknowledge a doctor's opinion in his written decision, the ALJ did not provide good reasons for his treatment of that opinion).

The Court is not persuaded by the Commissioner's argument that the ALJ's failure to acknowledge Dr. Bridges's opinion is harmless error. The Commissioner's harmful error argument asks the Court to look at Dr. Bridges's opinion and make an evaluation as to its weight and how it fits into the overall record. This is not for the district court to do. *See, e.g.*, *Fox v. Colvin*, 632 Fed. App'x 750, 755 (4th Cir. 2015) (reversing the district court's decision when it engaged in a fact-finding analysis that was reserved for the ALJ). Even if there are concerns over whether Dr. Bridges's letter is specific enough to constitute a medical opinion, such an analysis is better reserved for the ALJ in this case. Even if Dr. Bridges's letter is not a medical opinion, it substantiates Mr. Hartwick's subjective claims about his symptoms, which the ALJ found Mr. Hartwick's subjective statements regarding the intensity, persistence, and limiting effects of his symptoms inconsistent with the record "for reasons explained in this decision." (Tr. 22).[6] Thus, even if on remand the ALJ finds Dr. Bridges's letter is not entitled to any weight because it is not

---

[6] Of note, both Dr. Bridges's letter and Br. Black's letter (Tr. 843) would support Mr. Hartwick's subjective claims about his symptoms.

a medical opinion, it nevertheless may affect other areas of the ALJ's decision. It may very well be that the ALJ reaches the same conclusion on remand—that Mr. Hartwick is not disabled—however, the ALJ cannot completely ignore this evidence.

Contrary to the Commissioner's argument, this case is unlike *Sineath v. Colvin*, No. 1:16CV28, 2016 WL 4224051 (M.D.N.C. Aug. 9, 2016). In *Sineath*, the district court affirmed the ALJ's decision despite the plaintiff's argument that the ALJ had not considered or weighed the medical opinion of one of his treating doctors. However, unlike in Mr. Hartwick's case, it was clear from the ALJ's written decision that the ALJ had considered the doctor's findings. The ALJ had described the doctor's findings in various portions of the written decision, even though it did not specifically address and weigh the doctor's opinion that the plaintiff had a severe decline in her daily functioning. Here, it is not clear from the written decision that the ALJ considered Dr. Bridges's findings at all.

Because the Court finds that the ALJ committed reversible error by ignoring the opinion of one of Mr. Hartwick's treating doctors, the Court will grant Plaintiff's motion for summary judgment and will not reach the merits of Mr. Hartwick's second argument regarding Dr. Black's opinion.

## V. ORDER

Accordingly, Plaintiff's Motion for Summary Judgment (Doc. No. 11) is **GRANTED**; Defendant's Motion for Summary Judgment (Doc. No. 13) is **DENIED**; and the Commissioner's decision is **REVERSED.** This matter is **REMANDED** for a new hearing pursuant to Sentence Four of 42 U.S.C. § 405(g).[7]

---

[7] Sentence Four authorizes "a judgment affirming, modifying, or reversing the decision . . . with or without remanding the cause for a rehearing." *Sullivan*, 496 U.S. 617, 625 (1990).

**SO ORDERED.**

Signed: August 18, 2020

Kenneth D. Bell
United States District Judge

9